Larry BRIGHT, Jr., Appellant,

v.

THE DOW CHEMICAL COMPANY, The Dow Chemical Company d/b/a Engineering and Construction Services, a Division of Dow Chemical, USA, Appellees.

No. 01–98–00239–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1999.

Matthew J. Prebeg, Peter M. Kelly, Houston, for Appellant.

Randy E. Moore, Lake Jackson, for Appellee.

Panel consists of Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION ON MOTION FOR REHEARING

MARGARET GARNER MIRABAL, Justice.

We overrule appellees' motion for rehearing, withdraw our opinion issued May 6, 1999, and substitute this opinion in its stead.

This is an appeal from a summary judgment for the defendant in a personal injury case involving premises defect and negligence issues. We reverse.

### FACTS

Plaintiff Larry Bright, Jr., was employed as a carpenter by Gulf States, Inc. Gulf States was hired to construct an off-gas compressor unit at a plant being built by defendant, Dow Chemical Company. When Gulf States started the project, there was empty land at the location where the compressor was to be built. Under the contract between Gulf States and Dow, Gulf States provided all materials, including the pipes for the project. Gulf States was an independent contractor.

Bright's injury occurred while employed by Gulf States and carrying out his tasks as a carpenter. As he was removing plywood forms that had been used as a mold for a concrete pier, a pipe became unstable and fell, trapping Bright's arm between the falling pipe and an I–Beam, causing serious injury. The pipe that fell and struck Bright's arm was put there by a Gulf States' pipe fitter. The evidence indicates the instability of the pipe could be attributed to either one or both of the following factors: (1) the pipe was improperly secured, i.e. it was only secured on one end; and/or (2) the actions Bright was

performing at the time jostled the pipe enough to make it fall.

Bright filed suit against Dow, alleging:

1. Dow was the owner, operator, and manager of the plant where the accident occurred;

2. Dow had the right to control the details of the work, supervise the work, and direct and control safety of the work performed at the site; and

3. Dow was negligent in: maintaining and inspecting the plant; having inadequate safety and construction policies in place; failing to keep the plant safe for business invitees; failing to warn employees and invitees of dangerous and defective conditions; failing to train, manage, direct, and supervise its employees and contractors' employees; and failing to instruct Gulf States to repair the improperly secured platform.

Bright moved for a partial summary judgment asserting, as a matter of law, Dow sufficiently retained the right of control and actually exercised control over Gulf States, giving rise to a duty of care owed to him by Dow.

Dow also moved for summary judgment, asserting Dow owed no legal duty to Bright because:

1. Bright's injury did not arise out of a dangerous and hidden condition which existed when Bright and his employer, Gulf States, entered the premises of Dow;

2. Bright's injury did not arise from an activity or instrumentality of Dow but arose from an activity controlled and conducted solely by Gulf States as part of its work for Dow; and

3. Dow neither retained nor exercised control over the activities of Gulf States or Bright.

The trial court granted summary judgment for Dow and denied Bright's motion for partial summary judgment. The only issue in this appeal is whether the summary judgment evidence established, as a matter of law, that Dow owed no legal duty to Bright.

In a sole issue, Bright argues that the trial court erred in granting summary judgment that Dow owed him no legal duty because: (1) Dow retained specific contractual control of the project; (2) Dow exercised actual control over the work conditions; and (3) Dow established a course of dealing with the contractor to direct the details of the work.

## CONTROLLING LAW

Under Texas Rule of Civil Procedure 166a(c), a party moving for summary judgment has the burden of proving there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Mayer v. State Farm Mut. Auto. Ins. Co.,* 870 S.W.2d 623, 624 (Tex.App.—Houston [1st Dist.] 1994, no writ). A defendant is entitled to summary judgment on the plaintiff's cause of action if the evidence disproves as a matter of law at least one element of the plaintiff's claim. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *White v. Wah,* 789 S.W.2d 312, 315 (Tex.App.—Houston [1st Dist.] 1990, no writ). In deciding whether there is a disputed material fact issue precluding summary judgment, we accept the evidence that favors the nonmovant as true, and indulge all reasonable inferences and resolve all doubts in favor of the nonmovant. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). We can affirm the summary judgment if any of the theories advanced in the motion for summary judgment is meritorious. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

In recent years, the Texas Supreme Court has issued a number of opinions clarifying the duty owed by a landowner to an independent contractor.

Generally, an owner of land does not owe any duty to ensure that an independent contractor performs work in a safe manner. *Hoechst–Celanese Corp. v. Mendez,* 967 S.W.2d 354, 356 (Tex.1998). However, a premises owner may be directly liable to an independent contractor's employees for two types of negligence in failing to keep the premises safe: (1) negligence arising from an activity on the premises; and (2) negligence arising from a premises defect. *Coastal Marine Serv. v. Lawrence,* 988 S.W.2d 223, 225 (Tex.1999); *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex.1997). When a dangerous condition is created by an independent contractor's work activity, the premises owner may be liable to the independent contractor's employees if the owner retains the right of supervisory control over work on the premises. *Coastal Marine Serv.,* 988 S.W.2d at 225–26. However, the *scope* of a premises owner's duty toward the employees of an independent contractor is limited to the *scope* of its retained supervisory control, *i.e.,* the supervisory control must relate to, or have a *nexus* to, the condition or activity that caused the injury. *Mendez,* 967 S.W.2d at 357. In other words, the premises owner's duty of care is commensurate with the control it retains over the independent contractor's work. *Id.*

■ A party can prove the "right to control" in two ways: first, by evidence of a contractual agreement that explicitly assigns the premises owner a right of control; and second, in the absence of a contractual agreement, by evidence that the premises owner actually exercised control over the job. *Coastal Marine Serv.,* 988 S.W.2d at 226. The right to control must be more than a general right to order work to stop and start, or to inspect progress and receive reports, or to make suggestions or recommendations that need not necessarily be followed, or to prescribe alterations and deviations. *Mendez,* 967 S.W.2d at 356. Such a general right does not mean the contractor is controlled as to

the methods of work, or as to operative detail. *Id.* The *supervisory control* must relate to the activity that actually caused the injury, and grant the owner at least the power to direct the order in which work is to be done, or the power to forbid it being done in an unsafe manner. *Coastal Marine Serv.,* 988 S.W.2d at 226.

■ In *Redinger v. Living, Inc.,* 689 S.W.2d 415, 418 (Tex.1985), the Texas Supreme Court adopted section 414 of the Restatement (Second) of Torts, which provides:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

RESTATEMENT (SECOND) OF TORTS § 414 (1977), *quoted in Redinger,* 689 S.W.2d at 418. This duty requires a general contractor, or a premises owner, to exercise any retained supervisory control "with reasonable care so as to prevent the work which he has ordered to be done from causing injury to others." *Olivo,* 952 S.W.2d at 528.

### Summary Judgment Evidence

■ The construction contract between Dow and Gulf States provides, in relevant parts:

> 1.01 *Description* CONTRACTOR shall furnish all the necessary labor, materials, tools, equipment and transportation (except as is otherwise specifically set forth in the job specifications to be furnished by DOW) to perform the work . . . all in accordance with DOW's Safety and Loss Prevention Manual for Contractors, DOW's Contractor Substance Abuse Policy, Dow's Efficiency Matrix, drawings and specifications WHICH DOW SHALL FURNISH TO CONTRACTOR FOR EACH PROJECT, all of which are hereby made a part hereof

and constitute the entire agreement between CONTRACTOR and DOW.[1]

. . . .

30.01 *Responsibilities*—CONTRACTOR shall be an independent contractor under this Contract and shall assume all of the rights, obligations and liabilities applicable to it as such independent contractor hereunder and any provisions in this Contract which may appear to give DOW the right to direct CONTRACTOR as to details of doing the work herein covered or to exercise a measure of control over the work shall be deemed to mean that CONTRACTOR shall follow the desires of DOW in the results of the work only. Neither DOW nor CONTRACTOR shall have control over the other party with respect to its hours, times, employment, etc. . . .

George Dodson, Dow's owner representative at the time of Bright's accident, testified through deposition that he supervised the work being done to ensure it was done in a safe manner in accordance with Dow's rules. Dodson was charged with issuing "safe work" permits on a daily basis, including the day Bright was injured. The work permits, the forms for which were supplied by Dow, were required to be issued before the contractor could start work. On each day, there was at least one safe work permit that needed to be issued before work could begin. Dodson often demanded changes before issuing a safe work permit, and the contractors would always comply. If Dodson had recognized the pipe that fell on Bright to be a safety hazard in advance, he had the authority to prevent Gulf States from proceeding with its work. If Gulf States would have refused to fix the problem, Dodson could have stopped the work and could have refused to issue a safe work permit until the pipe was properly secured.

Dow points out that Gulf States had its own safety representative on site who was responsible for seeing to it that all Gulf States employees complied with all applicable safety rules and requirements. However, we cannot ignore the evidence indicating that Dow retained some supervisory control over Gulf State's work on the premises. According to Dodson's deposition testimony, Dow retained the power to forbid work being done in an unsafe manner, and therefore Dow had a duty toward Gulf State's employees to exercise its supervisory control with reasonable care. *See Coastal Marine Serv.*, 988 S.W.2d at 226; *Mendez*, 967 S.W.2d at 356.

Because the summary judgment evidence raises a fact issue about the extent of supervisory control retained by Dow, and therefore a fact issue about the existence of a duty owed by Dow to Bright, summary judgment for Dow was improperly granted.[2]

Accordingly, we sustain Bright's sole issue presented.

We reverse the judgment and remand the case to the trial court.

---

1. We note that the record on appeal does not contain "Dow's Safety and Loss Prevention Manual for Contractors" nor the other documents referenced in paragraph 1.01 of the construction contract.

2. We note that this case is substantially different from *Good v. Dow Chemical Co.*, 945 S.W.2d 877 (Tex.App.—Houston [1st Dist.] 1997, no writ) in that there was no summary judgment evidence in *Good* to raise a fact issue.